**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**


**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                           **CRIM. No. 09-1578 LH**

**LINDA DIAZ,**

        **Defendant.**


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States' First Motion in Limine (Docket No. 31), filed with the Court on October 28, 2009.  In essence, this motion seeks a pre-trial ruling to preclude the Defendant from eliciting testimony or evidence at trial concerning the victim's consumption of alcohol or level of intoxication prior to his death.  The Court, having considered the motion as well as the response and reply briefs and relevant caselaw, concludes that the motion is well taken and shall be **GRANTED**.


**Discussion**

The sole charge Defendant faces is leaving the scene of an accident contrary to 18 U.S.C. §§ 1152 and 13, and N.M. STAT. ANN.  §§ 66-7-201(A) and (C).  The substantive New Mexico statute, §§ 66-7-201(A) and (C) state:

        A.  The driver of any vehicle involved in an accident resulting in

injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible, but shall then immediately return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 66-7-203 NMSA 1978.[1]   Every such stop shall be made without obstructing traffic more than is necessary.

\*\*\*

C. Any person who knowingly fails to stop or to comply with the requirements of Section 66-7-203 NMSA 1978 where the accident results in great bodily harm or death is guilty of a third degree felony and shall be sentenced pursuant to the provisions of Section 31-18-15 NMSA 1978.

In its motion, the United States argues that the victim's level of intoxication is irrelevant in a prosecution for Leaving the Scene of an Accident, that FED.R.EVID. 404 bars use of this evidence, and that it is inadmissible under FED.R.EVID. 403 because it will confuse the issues and mislead the jury.

Defendant seeks to introduce evidence that the victim, Mr. Espinoza, was at an apartment with four other persons prior to walking on the highway, and that he was intoxicated at the time of his death.  Without explaining why, Defendant contends that these are relevant facts.  Defendant makes two other, more specific arguments.  First, she argues that FED.R.EVID. 404(b) does not bar this evidence because it is "inextricably intertwined with the charged crimes."  (Def. Response at

---

[1]

Section 66-7-203 NMSA 1978 states: The driver of any vehicle involved in an accident resulting injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving and shall upon request exhibit his driver's license to the person struck or the driver or occupant of or person attending any vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

3)[2]. Part of this first argument is her contention that this evidence should be introduced to show the context of the charged crime, as a jury "cannot be expected to make its decision in a void," *citing United States v. Masters*, 622 F.2d 83, 86 (4th Cir. 1980).

Second, Defendant asserts that admission of this evidence is proper because it would be logically inconsistent for the Court to allow introduction of evidence of Defendant's drinking while simultaneously excluding similar evidence pertaining to the victim.  (Def. Response at 3).

**Analysis**

The Court agrees with the United States that the victim's level of intoxication is irrelevant in a prosecution for Leaving the Scene of an Accident.  It is no defense to the crime that the victim had been drinking or could have been legally intoxicated at the time of death.  Neither the victim's consumption of alcohol nor his level of intoxication at the time of death changes the obligation of a motorist who was involved in an accident resulting in injury or death, to stop at the scene and render reasonable assistance.  Neither of these pieces of information about the victim makes it more or less probable that Defendant violated the statute.

To find Defendant guilty of this crime, a jury must find the following facts:

*First*:        Defendant was the driver of a vehicle involved in an accident;

*Second:*     The accident result in great bodily harm or death of Philip Espinoza;

*Third:*       Defendant failed to remain at the scene and render reasonable assistance to Philip Espinoza;

---

[2]Citing *United States v. Record*, 873 F.2d 1363, 1272 (10th Cir. 1989), Defendant argues that Mr. Espinoza's actions on April 4, 2009 are "inextricably intertwined with the charged crimes" and that witnesses' testimony will be confusing and incomplete without mention of his prior acts.   The Court interprets this argument to be that this evidence is not barred by  FED.R.EVID. 404(b).

*Fourth*:          The accident occurred in the State of New Mexico on or about April 4, 2009
                in Indian Country.

In addition, to convict Defendant under Paragraph (C) of N.M. STAT. ANN. §§ 66-7-201, the jury

must find that Defendant knowingly failed to stop or to render reasonable assistance.

Defendant has not asserted that the victim's drinking or state of intoxication is in any way

relevant to any of these elements of the crime.

Because the Court concludes that this evidence is irrelevant, Defendant's argument that the

evidence is not barred by FED.R.EVID. 404, even if this argument were accurate, does not lead to the

conclusion that this evidence is admissible. The fact that this evidence is not, perhaps, excludable

under Rule 404, does not make it relevant – the threshold prerequisite for all admissible evidence.

FED.R.EVID. 401.

Contrary to Defendant's assertion, careful consideration of Mr. Espinoza's actions does *not*

indicate that these actions are intrinsic to the charged offense nor that they are "inextricably

intertwined with the charged crime." The Court has no reason to conclude that intoxication of the

victim is intertwined with the fact that Defendant allegedly left the scene of the incident or failed

to render reasonable assistance, or that some witness's testimony will be confusing or incomplete

if the witness is prevented from mentioning the fact that the victim was drinking alcohol or

intoxicated prior to the incident in question. Drinking alcohol by or intoxication of the victim does

not form an "integral and natural part of the witness's accounts of the circumstances surrounding

the offense for which the defendant was indicted." *See United States v. Johnson*, 42 F.3d 1312,

1316 (10th Cir. 1994). In a prosecution for Leaving the Scene of an Accident, whether or not the

victim consumed alcohol before being struck, and what his level of intoxication was when he died,

are wholly irrelevant. This evidence is precisely the type of evidence that Rules 404 and 403 were

designed to prohibit at trial.

Finally, contrary to Defendant's assertions, the issue of alcohol consumption by the victim is in no way related to this Court's consideration as to whether or not Defendant's alcohol consumption, prior to the incident in question, could be properly admitted as evidence of motive for her to commit the charged offense. The Court will evaluate the issue involving Defendant's alcohol consumption in a separate Memorandum Opinion and Order, and that decision has no impact on the inadmissable nature of evidence regarding the victim's consumption of alcohol prior to the incident and level of intoxication at the time of his death.

**WHEREFORE, IT IS HEREBY ORDERED** that the United States' First Motion in Limine (Docket No. 31) shall be **GRANTED,** and that evidence regarding the victim's consumption of alcohol prior to the incident and level of intoxication at the time of his death shall not be presented to the jury.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**