IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                                                                                 **CRIM. No. 09-1578 LH**

**LINDA DIAZ,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's First Motion in Limine (Docket No. 32). In this motion, Defendant Linda Diaz seeks to exclude evidence set forth in the Government's Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b)("Notice of Intent" or "Notice")(Docket No. 26). This Notice states that the United States intends to introduce evidence that Defendant was drinking alcohol in the hours prior to the time that she left the scene of an accident and failed to render reasonable assistance to the victim, Philip Espinoza. The United States contends that this is admissible evidence under FED.R.EVID. 404(b), as it establishes the motive for Defendant to flee the scene of the incident. The Court, having considered the Notice, Defendant's First Motion in Limine, the response thereto, as well as relevant caselaw, concludes that the motion is not well taken and shall be **DENIED**. The United States shall be allowed to present limited evidence that Defendant drank alcoholic beverages in the hours prior to the time she allegedly left the scene of an accident and failed to render reasonable assistance to the victim, Philip Espinoza.

**Legal Standards and Parties' Positions**

The sole charge Defendant faces is leaving the scene of an accident contrary to 18 U.S.C. §§ 1152 and 13, and N.M. STAT. ANN. §§ 66-7-201(A) and (C). The substantive New Mexico statute, §§ 66-7-201(A) and (C) state:

> A. The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible, but shall then immediately return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 66-7-203 NMSA 1978.[1]  Every such stop shall be made without obstructing traffic more than is necessary.
>
> \*\*\*
>
> C. Any person who knowingly fails to stop or to comply with the requirements of Section 66-7-203 NMSA 1978 where the accident results in great bodily harm or death is guilty of a third degree felony and shall be sentenced pursuant to the provisions of Section 31-18-15 NMSA 1978.

The United States seeks admission of drinking by Defendant, prior to the incident in question, pursuant to FED.R.EVID. 404 which states:

> (b) Other crimes, wrongs, or acts.  Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  *It may, however, be admissible for other purposes, such as proof of motive,* opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution

---

[1] Section 66-7-203 NMSA 1978 states: The driver of any vehicle involved in an accident resulting injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving and shall upon request exhibit his driver's license to the person struck or the driver or occupant of or person attending any vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

> in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

(emphasis added).

In *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988), the Supreme Court set out four procedural safeguards that apply to admissions under Rule 404(b). Such evidence is admissible if (1) it is offered for a proper purpose under Rule 404(b); (2) it is relevant under Rule 404(b); (3) it has probative value that is not substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the district court, if requested, instructs the jury to consider the evidence only for the purpose for which it is admitted.

The Rule is an inclusive one and generally provides for the admission of all evidence of other acts relevant to an issue at trial, unless the evidence is introduced to prove criminal propensity or is unfairly prejudicial. *See United States v. Segien*, 114 F.3d 1014, 1022 (10th Cir. 1997). The United States must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts. *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985). In addition, "the trial court must specifically identify the purpose for which such evidence is offered . . . [and] a broad statement merely invoking or restating Rule 404(b) will not suffice." *Id*.

Other act evidence that is relevant and offered for a proper purpose under Rule 404(b) must still survive a Rule 403 balancing test in order to be admitted. Evidence is excluded under Rule 403 if the district court determines that "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED.R.EVID. 403.

"Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocence of the crime charged." *United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999) (quotation omitted)(emphasis added). Even if this type of prejudice is found, it must *substantially* outweigh the probative value of the evidence in order to be excluded under Rule 403. FED.R.EVID. 403.[2]

In its Notice of Intent, the United States indicates that it has located witnesses who, if allowed, will testify that Defendant drank alcohol in the hours immediately proceeding the incident that is the subject of the indictment.[3] According to the Notice, "the evidentiary hypothesis underpinning the government's theory is that the defendant possessed the motive to flee the scene because she had been drinking before she struck and killed Mr. Espinoza." (Notice at 6). The United States contends that evidence of Defendant's drinking is relevant under FED.R.EVID. 401 because it tends to make the existence of any fact of consequence to the determination of the action more or less probable than it would be without the evidence. Specifically, the United States argues that this evidence is relevant because it is more probable that a driver who has alcohol on her breath

---

[2] Noting that this balancing is in the broad discretion of the trial court, as way of illustration in the *Tan* case, the Tenth Circuit noted that the Fourth Circuit has held that there is no unfair prejudice under Rule 403 when the extrinsic act is no more sensational or disturbing than the charged crime(s). *United States v. Tan*, 254 F.3d 1204, 1212 n.6 (10th Cir. 2001).

[3] Specifically, the United States represents that it has located witnesses who observed the following: Defendant ordered a beer at 10:30 pm at the Buffalo Thunder Casino; Defendant drank more beer at approximately 11:00 pm at the Club Tropicana bar in Espanola, New Mexico; Defendant and friends subsequently drove to Pojoaque Pueblo, stopping en route to pick up six additional beers; and, Defendant drank an additional beer at the home of Matthew Guiterrez, where she stayed until approximately 4:30 am. The United States has failed to specifically indicate the dates of this behavior by Defendant (Notice of Intent at 3-4) but generally indicates that the victim was hit and killed shortly after Defendant left the Gutierrez residence, dropped off her sister and proceeded to drive home. The Indictment states that the victim was killed on April 4, 2009. Accordingly, reading the Notice of Intent in its entirety, the Court concludes that the observations that the United States intends to place in evidence will relate to Defendant's consumption of alcohol beginning at 10:30 pm on April 3, 2009 until an unspecified time prior to 4:30 am on April 4, 2009.

will flee a scene after striking and killing a pedestrian than a driver who did not have alcohol on her breath. The United States argues that a rational jury could find that any driver, after consuming multiple beers in the hours prior to hitting and killing a pedestrian, would have a motive to leave rather than stay and speak to law enforcement. The United States argues that such a position need not be predicated on evidence that Defendant was legally intoxicated at the time of the incident.[4]

Defendant's position is that this evidence is irrelevant and unduly prejudicial, that it would be admitted improperly as propensity or character evidence, and that proof of motive is not at issue in this case. (Motion at 3).

**Analysis**

Rule 404(b) lists several categories of consequential facts that may be shown by evidence of other crimes, wrongs, or acts, and motive is one such consequential fact listed in the Rule. This evidence has been offered for a proper purpose under Rule 404(b) because it is relevant to the issue of motive. A motive is the impetus that supplies the reason for a person to commit a criminal act. The Court concludes that evidence of Defendant's drinking alcohol in the hours before the incident establishes an evidentiary hypothesis that provides at least one reason as to why Defendant might have left the scene. If Defendant had been drinking before she allegedly drove her vehicle and struck and killed a pedestrian, having the smell of alcohol on her breath could have provided a reason for Defendant to leave the scene and fail to render reasonable assistance to the victim. The Court concludes that evidence of Defendant's consumption of alcohol in the hours prior to the incident are relevant and admissible to show her motive in leaving the scene, to avoid encountering

---

[4] The United States acknowledges that it cannot prove Defendant's level of intoxication at the time of the alleged incident.

law enforcement during her operation of a motor vehicle, with the smell of alcohol on her breath. Because "this other act evidence is relevant and tends to prove a material fact other than the defendant's criminal disposition, it is offered for a proper purpose under Rule 404(b) and may be excluded only under Rule 403." *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001).

Other act evidence that is relevant and offered for a proper purpose under Rule 404(b) must still survive the Rule 403 balancing test in order to be admitted. In this context, the Court must determine whether the potential unfair prejudice of evidence of Defendant's drinking alcoholic beverages in the hours immediately prior to the incident substantially outweighs its probative value. The Court has broad discretion in performing this Rule 403 balancing test, and the Court notes that exclusion of evidence under Rule 403 that is otherwise admissible under the other rules "is an extraordinary remedy and should be used sparingly." *United States v. Rodriguez*, 192 F.3d at 949. (quotation omitted), quoted in *United States v. Tan*, 254 F.3d at 1211.

In determining that this other act evidence is offered for a proper purpose under Rule 404(b), the Court has already addressed its conclusion that this evidence has significant probative value on the issue of motive to leave the scene. The Court concludes that the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice. Relevant evidence is inherently prejudicial, but it is only unfair prejudice that substantially outweighs probative value that permits exclusion of relevant matter under Rule 403. *United States v. Sides*, 944 F.2d 1554, 1563 (10th Cir. 1991). The Court is cognizant of the inflammatory nature of this evidence – proof that Defendant drank alcohol during the hours proceeding this incident. The Court intends to strictly limit the testimony on this issue to what one witness *actually observed* Defendant drink, at each of the three locations where Defendant consumed alcohol, over the course of a six hour period prior to leaving the home of Matthew Guiterrez. Cumulative evidence on this issue will not be allowed. Parameters

insofar as what will be permitted will be discussed at the pretrial conference, currently set for 10:00 a.m. on January 6, 2010.

Following the Tenth Circuit guidance in the *Tan* case, the Court has compared the other act evidence with the conduct that is charged in the indictment – leaving the scene of a fatal accident. The Court concludes that evidence of Defendant's alcohol consumption is no more sensational or disturbing than the charged crime of leaving the scene of a fatal accident. *United States v. Tan*, 254 F.3d at 1212 n.6. The Court concludes that this evidence will not adversely affect the jury's attitude toward Defendant, making a conviction more likely, *wholly apart* from its judgment as to her guilt or innocence of the crime charged. In its discretion, the Court has carefully performed this balancing test, noting that exclusion of this evidence is an extraordinary remedy – one that the Court is not willing to employ in this case. Any prejudice can be moderated by instructions from the Court at the time of the admission of the evidence, and again if requested, in the final charge to the jury at the close of the evidence, cautioning the jury that this evidence has been admitted only on the issue of motive. *See United States v. Record,* 873 F.2d 1363, 1376 (10th Cir. 1989).

**WHEREFORE**, for the reasons stated, Defendant's First Motion in Limine (Docket No. 32) shall be **DENIED**.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**