IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN  6 2010

MATTHEW J. DYKMAN
CLERK

UNITED STATES OF AMERICA,

   Plaintiff,

v.             CRIM. No. 09-1578 LH

LINDA DIAZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion for a Jury View of Automobile (Docket No. 40). The Defendant is charged by way of indictment with Leaving the Scene of an Accident, contrary to 18 U.S.C. §§ 1152 and 13, and N.M. STAT. ANN. § 66-7-201(A) and (C). In this motion, the United States seeks permission for the jury to view the 2000 Mercury Marquis automobile that the United States contends was driven by Defendant and struck and killed the victim. The Court has considered copies of all photographs that the United States intends to show to the jury during the trial, which have been proffered to the Court and are attached hereto. In addition to these photographs, the Court has considered the motion and response thereto, as well as relevant case law, and concludes that the motion is not well taken and shall be **denied**.

1

**Discussion**

The United States argues that a viewing of the vehicle in question is relevant to two primary issues that the jury will be called upon to resolve: (1) did Defendant *in fact* hit the victim contrary to § 66-7-201(A) and (C), and (2) did she *knowingly* do so. It is the United States' position that permitting the jury to view the vehicle would assist the jury in answering these two questions. Specifically, the United States argues that the jury's observation of the vehicle in three dimensions would allow it to better understand and evaluate the testimony of the accident reconstructionist, who, the United States anticipates, will explain how the victim's body came into contact with the car's bumper, windshield, and A-frame. "Allowing the jury to view the car, both from the exterior and interior, will allow them to harmonize what [the victim's] body did to what the defendant *must have observed* from behind the wheel." (Mot. at 2, emphasis added). The United States contends that a jury view will not be logistically difficult because the vehicle can be transported to the courthouse parking lot, and the jury will be able to quickly view it.

Defendant objects to such a viewing on the grounds that it would be cumulative, given the evidence that Defendant anticipates will be presented by the Government's accident reconstructionist, in the form of testimony, diagrams, photographs and analysis. Defendant also objects that the jury will not be able to view what Defendant "must have observed from behind the wheel," given that the alleged incident occurred during the early morning hours near the Pueblo of Pojoaque, and the jury would be viewing the vehicle in daylight hours behind the courthouse. In summary, Defendant argues that a viewing of the vehicle could lead to possible confusion, and that the United States has sufficient other evidence to address the primary issues that the jury will need to resolve.

Although it involved a request for a jury view of a crime scene as opposed to a view of a

vehicle, the case of *United States v. Crochiere*, 129 F. 3d 233 (10th Cir. 1997) is instructive. *Crochiere* notes that the decision to permit a view is a discretionary decision, and that a court is within its discretion in denying a motion when there is sufficient evidence in the form of testimony, diagrams, or photographs. *Id.* at 236. Factors such as the orderliness of the trial, potential for the jury being confused or misled, time-consumption, logistical difficulty, and whether cross-examination has been permitted on the details of the view, should be considered in making this determination.

On November 18, 2009, the Court ordered the United States to submit color copies of all photographs and visual depictions of the automobile that it intends to show to the jury during the trial in this matter. (Docket No. 46). The United States has submitted twenty-six photographs to the Court, which the Court has reviewed.[1] The Court concludes that these photographs adequately convey the post-impact condition of the automobile that the United States contends was driven by Defendant and struck and killed the victim.

It is the considered opinion of this Court that a jury view of the vehicle in three dimensions, during the trial, would not better enable the jury to resolve the critical issues in this case. Defendant contradicts the United States' assertion that such a viewing would allow the jury "to harmonize what [the victim's] body did to what the defendant must have observed from behind the wheel," because the physical conditions, such as lighting, during the viewing would not be the same as during the incident in question. The Court agrees with Defendant and concludes that an attempt to compare what the jury would view during daylight hours would not be comparable to what Defendant arguably observed in the early morning hours before dawn. Such a comparison could be misleading

---

[1] The photographs are listed as Exhibits 21, 28-43 and 56-64 on the United States' Exhibit List (Docket No. 66).

and confusing.  The requisite information can be introduced through visual evidence and through testimony of witnesses who have observed the vehicle at trial.

In summary, the Court concludes that because sufficient evidence exists that will adequately show the condition of the vehicle, and because a view of the vehicle could disrupt the orderliness of the trial, and could be misleading, cumulative and confusing, the Court will deny the United States' motion.

**WHEREFORE, IT IS HEREBY ORDERED** that the United States' Motion for a Jury View of Automobile (Docket No. 40) is **DENIED**.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**



Head Strike on A-Pilar

Fender Damage from Body

Right Hip Injury From Impact with Side View Mirror During Post-Impact Departure from the Vehicle

Windshield Strike

Calf Injuries from the Bumper



PENGAD 800-631-6989

GOVERNMENT EXHIBIT
21



PENGAD 800-631-6989

GOVERNMENT
EXHIBIT
28

PENGAD 800-631-6989

GOVERNMENT
EXHIBIT



PENGAD 800-631-6989

GOVERNMENT
EXHIBIT
31



















FRONT VIEW AND
MEASUREMENTS





# FRONT VIEW AND MEASUREMENT



SIDE MEASUREMENTS



## Side Measurements

3'00"
4'05"
3'01"
2'08"











WINDSHIELD DAMAGE



DENT







