IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          CRIM No. 09-1578 LH

LINDA DIAZ,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court for consideration of United States' Memorandum of Law in Support of Proposed Jury Instruction (Docket No. 56). The topics of this trial brief, the response brief and the reply brief involve issues of whether: (1) N.M. STAT. ANN. § 66-7-201(B) is a lesser-included offense of Section C of the same statute; and, (2) whether Section B is a strict-liability crime. For the reasons that follow, the Court concludes that Section B is not a strict liability crime, but that Section B is nonetheless a lesser-included offense of Section C.

**Procedural Background**

Defendant faces the charges of leaving the scene of an accident contrary to 18 U.S.C. §§ 1152 and 13, and N.M. STAT. ANN. §§ 66-7-201(A) and (C). The substantive New Mexico statute, §§ 66-7-201(A) and (C), states:

> A. The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible, but shall then immediately return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of

1

Section 66-7-203 NMSA 1978.[1]  Every such stop shall be made without obstructing traffic more than is necessary.

\*\*\*

C.  Any person who knowingly fails to stop or to comply with the requirements of Section 66-7-203 NMSA 1978 where the accident results in great bodily harm or death is guilty of a third degree felony and shall be sentenced pursuant to the provisions of Section 31-18-15 NMSA 1978.

Section B of this statute, under which Defendant has *not* been indicted states:

B.  Any person failing to stop or to comply with the requirements of Section 66-7-203 NMSA 1978 where the accident results in great bodily harm or death is guilty of a fourth degree felony and shall be sentenced pursuant to the provisions of Section 31-18-15 NMSA 1978.

The obvious differences between Sections (B) and (C) are that Section (B) does not expressly contain the word "knowingly" and it provides for a lesser penalty.

**Statutory Construction**

The United States has requested the Court to rule that Section B is a lesser-included offense of Section C, and that Section B is a strict liability crime.

**Strict Liability Issue**

In New Mexico, the fact that a criminal statute is silent with regard to any required *mens rea*,

---

[1]Section 66-7-203 NMSA 1978 states:

The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving and shall upon request exhibit his driver's license to the person struck or the driver or occupant of or person attending any vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

"does not mean it is a strict liability crime." *State of New Mexico v. Gonzales*, 137 N.M. 107, 110 (Ct. App. 2005). That court stated that "[s]ince at least 1917, we have followed the common law that where an act is prohibited and punishable as a crime, it is construed as also requiring the existence of a criminal intent." *Id.* In *Santillanes v. State of New Mexico*, 115 N.M. 215, 218 (1993), the court wrote that "it is well settled that we presume criminal intent is an essential element of the crime unless it is clear from the statute that the Legislature intended to omit the *mens rea* element." *See also State v. Nozie*, 146 N.M. 142, 150 (2009) (quoting *Santillanes* for proposition that, when a criminal statute is silent as to a *mens rea* element, courts do not assume the Legislature intended to enact a strict liability crime).

It is incumbent on this Court to construe this entire statute as a whole so that all provisions will be considered in relation to one another. *See New Mexico Pharm. Ass'n v. State*, 106 N.M. 73, 74 (1987). The Court finds no New Mexico case law directly on point, but concludes that the only reasonable construction of the statute as a whole is that it is premised upon the knowledge of a driver that he was involved in an accident.[2] The Court does not believe that the New Mexico Legislature intended a criminal penalty to be imposed if a driver was in fact unaware that the vehicle driven by him was in an accident. The offense of leaving the scene of an accident makes little sense unless knowledge of the occurrence of an accident is a part of that offense. In short, there is nothing in the statute to overcome the presumption that the statute contains a *mens rea* element. Rather, the language of the statute indicates that the Legislature intended that knowledge of an accident is an

---

[2] While New Mexico does not have case law on point, other jurisdictions have held that a driver must know that a collision occurred in order to violate a hit-and-run statute, often even when a specific *mens rea* requirement is absent from the statutory language. *See Aguilar v. State*, 202 S.W.3d 833, 839 (Tex. 2006); *Commonwealth v. Woosnam*, 819 A.2d 1198, 1199 (Pa. 2003); *McKay v. State*, 592 S.E.2d 135, 137 (Ga. App. 2003); *Kil v. Commonwealth,* 407 S.E.2d 674, 679 (Va. 1991); *Micinski v. State*, 487 N.E.2d 150, 152 (Ind. 1986); *State v. Miller*, 308 N.W.2d 4, 6 (Iowa 1981); *State v. Fearing*, 284 S.E.2d 487, 491 (N.C. 1981); *State v. Sidway*, 431 A.2d 1237, 1239-40 (Vt. 1981); *State v. Corpuz*, 621 P.2d 604, 609 (1980); *State v. Wall*, 482 P.2d 41, 45 (Kan. 1971).

essential element of each section of this criminal statute.

The Court's reasoning is as follows. Section A of this statute, which does not impose any criminal sanctions, imposes certain duties on the driver of any vehicle involved in an accident resulting in injury or death: to immediately stop the vehicle at the scene of the accident or as close thereto as possible, and then in every event return to and remain at the scene of the accident until he has fulfilled the requirements of Section 66-7-203. Section 66-7-203 imposes additional obligations on the driver: to give his name, address, and registration number; to exhibit his driver's license to the person struck or to the occupant of or person attending any vehicle collided with; and to render assistance to any person injured. Certainly, although this section contains no express knowledge requirement, it is clearly premised upon knowledge of the driver that he was involved in an accident, as a driver could not comply with the affirmative obligations set forth in Section A if he did not know an accident had occurred. *Cf. Wall*, 482 P.2d at 45 ("Section 518 specifically relates to section 520, the clear intent of the two being to require such a driver to stop and then furnish specific information and appropriate aid for the benefit of any occupant of the other vehicle who may have been injured in the collision. Section 520 prescribes an affirmative course of action to be taken by the driver. Implicit therein must be the element of recognition or awareness on the part of that driver of the fact of collision. We cannot believe the legislature intended a penalty to be imposed for failing to follow that course of action if a driver was in fact unaware of the occurrence of collision.").

Similarly, Section B contains no express requirement of knowledge on the part of the driver that he was involved in an accident. The United States argues that this is a strict liability provision, *i.e.* that no *mens rea* must be proved for a conviction under this section. The Court concludes however, that implicit in Section B, as in Section A, is the element of knowledge on the part of the

4

driver of the fact of an accident. As in Section A, Section B requires a driver to comply with the affirmative obligations set forth in Section 66-7-203. A driver, however, could not comply with the requirements of Section 66-7-203 without knowledge that he had been involved in an accident. Thus, implicit in the statute is the understanding that the driver was aware of the fact of an accident. *See Sidway*, 431 A.2d at 1239 ("The offense of leaving the scene of an accident makes little sense unless knowledge of the occurrence of an accident is a part of that offense.").

I do not conclude however, that, under Section B, an accused must have knowledge of the nature or extent of an injury resulting from the accident. Indeed, knowledge of the fact that the accident resulted in great bodily harm or death is an additional element that is contained in Section C of this statute. I conclude that Section C contains the implicit element that the driver knew of the occurrence of an accident *plus* the express element that he had knowledge that the accident resulted in great bodily harm or death. The knowledge that separates these two sections, is not the knowledge that an accident occurred, but knowledge that great bodily harm or death occurred during the accident. Section C contains a more severe potential sentence than does Section B, which is justified, given the additional element of knowledge of the serious consequences of the accident – justifying a more serious penalty for leaving the scene of such a serious accident.

Finally, I note that although *mens rea* requirements are essential to almost every criminal statute, certain offenses have lawfully done away with that requirement. In *Staples v. United States,* 511 U.S. 600, 607 (1993), the Supreme Court recognized that violations without a *mens rea* element in their statutes may be properly categorized as public welfare offenses. Such offenses typically involve statutes that regulate potentially harmful or injurious items. *Id*. The "characterization of the public welfare offense . . . hardly seems apt, however, for a crime that is a felony. . . ." *Id*. at 618. The Court decided not to "apply the public welfare offense rationale to interpret any statute

defining a felony offense as dispensing with *mens rea*." *Id.* The reasoning of *Staples* supports this Court's conclusion. Section B creates a fourth degree felony, and thus should not fall within the category of strict liability public welfare offenses. *Cf. Nozie*, 207 P.3d at 1127 (distinguishing crimes of battery upon a peace officer, a fourth degree felony, and aggravated assault upon a peace officer, a third degree felony, from strict liability public welfare crimes because the punishment for the former crimes are "severe" in contrast to public welfare crimes for which the penalties are "relatively slight"). I cannot believe the New Mexico Legislature intended that the severe punishment attendant to a fourth degree felony would be imposed upon a person who fails to stop or to comply with the requirements of Section 66-7-203, if the driver was in fact unaware of the occurrence of an accident.

In summary, I conclude that it is not clear that the Legislature intended to depart from the common law tradition and to make this a statute that does not require criminal intent in Section B. As explained above, it is far more reasonable to conclude, based on the language of the statute as a whole, that this statute implicitly contains the requirement that knowledge is an essential element of each section. Indeed, many courts, in interpreting the legislative intent behind these types of statutes, have taken the view that knowledge of an accident is an implicit, essential element of the offense. They have rejected, as do I, that the omission of the word "knowingly" makes these statutes strict liability offenses. *Cf. Nozie*, 207 P.3d at 1127-28 (holding that knowledge of a peace officer's identity was an essential element of crime of battery upon a peace officer, even though statute was silent as to knowledge requirement).

For these reasons, the Court concludes that Section B is not a strict liability crime. At trial, the United States will be required to adduce evidence to establish the element that Defendant had knowledge that she was the driver of a vehicle involved in an accident, in addition to the other

elements specified in the pertinent sections of the statute. [3]

### Lesser Included Offense Issue

The next legal issue before the Court is whether or not Section B is a lesser included offense of Section C. The Tenth Circuit has established a four-part test for submitting an instruction on a lesser included offense: (1) there must be a proper request; (2) the lesser-included offense must consist of some, but not all, of the elements of the offense charged; (3) the elements differentiating the two offenses must be a matter in dispute; and, (4) a jury must be able to rationally convict the defendant of the lesser offense and acquit of the greater offense. *United States v. Martinez*, 979 F.2d 1424, 1433 (10th Cir. 1992). An offense is not necessarily included within another unless the elements of the lesser are a subset of the greater offense. *Schmuck v. United States*, 489 U.S. 705, 716 (1989).

Applying the four-part test set forth in *Martinez* reveals that Section B of the statute is a lesser-included offense of Section C. First of all, the United States has made a proper request for the giving of this instruction. Secondly, as discussed above, both sections of the statute implicitly require knowledge on the part of the driver that an accident has occurred, but Section B, the lesser-included offense, does not include the requirement, contained in Section C, that the driver knew that the accident resulted in great bodily harm or death. Thirdly, the knowledge of the driver that the accident she was involved in caused great bodily harm or death, under Section C, is a matter in dispute. Finally, a jury could rationally convict the defendant of knowing she was involved in an

---

[3] Knowledge may be proved through direct or circumstantial evidence. Evidence, for instance that the damage or impact was so great that it could be inferred that the Defendant must have been aware that she was involved in an accident may be enough. *See Sidway,* 431 A.2d at 1240. Knowledge may also be inferred if Defendant deliberately blinded herself to the existence of a fact. *See* Committee's Pattern Jury Instruction, Criminal Cases, Tenth Circuit (2005), Instruction 1.37.

accident and failing to stop or to comply with the requirements of Section 66-7-203, while acquitting on the greater offense of knowing she was involved in an accident that she knew caused great bodily harm or death and failing to stop or to comply with the requirements of Section 66-7-203. The elements of the lesser offense, Section B, are a subset of the greater offense, Section C.

The Court declines to determine the exact content of jury instructions at this juncture, pending its consideration of evidence adduced at trial. The parties are, however, generally referred to the Committee's Pattern Jury Instruction, Criminal Cases, Tenth Circuit (2005), Instruction 1.33, as a source for possible use in the event that it is appropriate at trial to give such an instruction.

As a final matter, the Court notes that Defendant has requested that this Court conduct an in-camera review of the federal grand jury transcripts in this matter - ostensibly to prevent the United States from "bootstrapping" a separate charge to the superseding indictment with a submission of a fourth degree lesser-included instruction to the jury. (Deft's Resp. at 17). The Court is unable to discern any legitimate argument by Defendant concerning the transcripts which relates to the United States' decision to indict under Section C, but not Section B, of the statute. Further, the Court is aware of no other valid reason requiring its review of these transcripts, and accordingly, declines to do so.

**WHEREFORE, IT IS HEREBY ORDERED** that N.M. STAT. ANN. §§ 66-7-201(B) is *not* a strict liability crime but, rather, requires knowledge of the driver that he was involved in an accident.

**IT IS FURTHER ORDERED** that N.M. STAT. ANN. §§ 66-7-201(B) is a lesser-included offense of N.M. STAT. ANN. §§ 66-7-201(C).

**IT IS FURTHER ORDERED** that the following pretrial deadlines are changed as follows:

(1) The parties shall prepare and submit their respective proposed jury instructions, bearing

in mind the Court's statutory construction as contained in this Memorandum Opinion and Order. These proposed instructions shall be **filed** with the Court no later than **Wednesday, February 10, 2010.**[4]

(2) The current deadline for the filing of motions *in limine* is Friday, February 5, 2010. All responses to any newly filed motions *in limine* shall be served on opposing counsel and filed with the Court **no later** than **Wednesday, February 10, 2010.**

(3) All proposed *voir dire* questions to be considered by the Court for use during jury selection shall be served on opposing counsel and filed with the Court no later than **Wednesday, February 10, 2010.**

**IT IS SO ORDERED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that the jury instructions referenced by the United States in its Memorandum of Law in Support of Proposed Jury Instructions (Docket No. 56) were never filed and are not part of the record before the Court.